# EXHIBIT 2

**Defendant Carrington Mortgage Services, LLC's
Index of State Court Records**

Filed for Record
9/30/2022 11:59 AM
Donna Starkey, District Clerk
Brazoria County, Texas
117273-CV
Cathy Richard, Deputy

117273-CV

| | | |
|---|---|---|
| CAUSE NO. _____ | | |
| **PAULETTE CRAWFORD** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| | § | **BRAZORIA COUNTY, TEXAS** |
| **V.** | § | |
| | § | |
| **CARRINGTON MORTGAGE SERVICES, LLC** | § | **_____ JUDICIAL DISTRICT** |

# PLAINTIFF'S ORIGINAL PETITION AND VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Paulette Crawford, and brings this action against Defendant, Carrington Mortgage Services, LLC, ("Defendant"), and alleges, the following facts and causes of action:

## FACTS

1. Plaintiff, Paulette Crawford, formerly known as Paulette Granger, is the owner of the Subject Property, which is located at **2506 Dawn River Lane, Pearland, TX 77081, Brazoria County, Texas.** The legal description is as follows:

    **LOT TWENTY-FOUR (24), BLOCK ONE (1), AVALON TERRACE, SECTION ONE (1), ACCORDING TO THE RECORDED MAP OR PLAT THEREOF IN VOLUME 24, PAGE 288-289 OF THE PLAT RECORDS OF BRAZORIA COUNTY TEXAS**

2. Defendant, Carrington Mortgage Services, LLC, claims to be the current Mortgagee and/or Servicer of a note secured by a Deed of Trust dated December 19, 2007, filed in the Brazoria County Real Property Records as instrument number 2007070506 and later modified on October 7, 2020. (Exhibit A, Notice of Substitute Trustee's Sale).

1

POOR ORIGINAL

Copy from re:SearchTX

3. A dispute exists between the parties as to the terms and conditions of the note as well as to the Defendant's right to pursue a Substitute Trustee's Sale, scheduled for April 5, 2022. Specifically, the Plaintiff disputes the Defendant's claim that the Plaintiff has defaulted on the subject Deed of Trust, and Plaintiff disputes that the Defendant is entitled to seek foreclosure, because, among other things, the Defendant failed to give sufficient legal notice.

4. On or about February 17, 2022, the Defendant, through its counsel, filed the attached Notice of Substitute Trustee Sale. (Exhibit A) It is important to note that, prior to sending this notice, the Defendant did not provide a notice of default, and did not give the Plaintiff an opportunity to cure before accelerating the note and scheduling the subject property for a trustee sale. Moreover, the Defendant did not even send a copy of the notice to the Plaintiff.. *See attached affidavit.*

5. Plaintiff files this Application in this court seeking a Temporary Restraining Order, enjoining Defendant from proceeding with said sale. The Plaintiff will suffer irreparable harm if the Defendant conducts the Foreclosure Sale on April 5, 2022, and the Plaintiff will have no adequate remedy at law, despite the fact that the sale would be wrongful due to the lack of notice to the Plaintiff.

**PARTIES**

6. Plaintiff, Paulette Crawford, f/k/a Paulette Granger, is an individual residing in Brazoria County, Texas.

7. Defendant, Carrington Mortgage Services, LLC, is a Foreign Limited Liability Company that may be served by certified mail through its registered agent C T Corporation System, 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136 USA.

2

Copy from re:SearchTX

## DISCOVERY

8. Pursuant to Rule 190.1 of the Texas Rules of Civil Procedure, Plaintiff states that discovery is to be conducted under Rule 190.3, Level 2 Discovery.

## JURISDICTION AND VENUE

9. This Court has Jurisdiction over the subject matter and parties.

10. Venue is proper in Brazoria County because the case concerns real property located in Brazoria County and the actions and omissions occurred in Brazoria County as well.

## CAUSES OF ACTION ASSERTED

### No Notice of Default/ No Notice of Acceleration

11. The holder of a note must give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890,893 (Tex. 1991). If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. *Id.* A proper notice of default must give the borrower notice that the alleged delinquency must be cured, or else the loan will be accelerated, and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the homeowner a clear and unequivocal acceleration notice. *Ogden v. Gilbraltar Sav. Ass'n*, 640 S.W.2d 232,233 (Tex. 1982) ("Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.").

12. A debt holder's failure to send a notice to cure to the address in the debtor's file pursuant to Tex. Prop. Code Ann. § 51.002(d) defeats the effect of sending the notice of foreclosure under Tex. Prop. Code Ann. § 51.002(b). *Mills v. Haggard*, 58 S.W.3d 164, 2001 Tex. App. LEXIS 4605 (Tex. App. Waco July 5, 2001, *no pet.*).

3

Copy from re:SearchTX

13. The Defendant did not provide the required notice of default to give the Plaintiff an opportunity to cure. Even if the Defendant had sent the statutorily required notice, pursuant to Section 51.002(d) (which the Defendant failed to do), the Defendant also failed to send the Plaintiff a notice of the scheduled foreclosure sale. The Plaintiff disputes the allegation that she is in default.

14. Due to the dispute over the alleged default and the Defendant's failure to provide sufficient notice for the pending foreclosure, the Plaintiff files a declaratory judgment lawsuit and seeks injunctive relief to avoid irreparable harm.

## Declaratory Judgment

15. Pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code, Plaintiff respectfully requests that this Court issue a declaratory judgment specifying Plaintiff and Defendant's rights and duties in connection with the Deed of Trust and the underlying Note.

16. Specifically, a controversy exists as to the balance and enforceability of the power of sale in the deed of trust.

17. Additionally, Defendant did not follow the proper procedure pursuant to the Deed of Trust (and the Texas Property Code). Defendant's compliance (or lack thereof) will determine whether Defendants have the authority to foreclose at this time. As stated above, the Defendant failed to mail Plaintiff the statutorily required 1) notice of default, and 2) notice of acceleration and notice of trustee sale.

## Temporary and Permanent Injunction

18. Plaintiff seeks an injunction requiring Defendant, or any person or entity acting in concert with them, including but not limited to its attorneys, agents, servants, servicers, trustees, employees, successors, heirs and assigns, to desist and refrain from:

Copy from re:SearchTX

    a.    entering and taking possession of the Property or otherwise interfering with Plaintiff's right to the quiet enjoyment and use of the Property;

    b.    proceeding with or attempting to sell or foreclose upon the Property; and

    c.    attempting to purchase, transfer, assign or collect on the Mortgage.

    d.    charging Plaintiff's account for attorney's fees in connection with this action.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

19. Plaintiff hereby incorporates by reference and re-alleges all material allegations of facts set forth above as if fully set forth herein.

20. Pursuant to Rule 680 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks immediate relief in the form of a temporary restraining order to preserve the status quo. Specifically, Plaintiff seeks a temporary restraining order and temporary injunction to prohibit the Defendant and/or any of its agents, employees or attorneys, servicing companies, or trustees, from foreclosing upon the property. A temporary restraining order is sought to enjoin the Defendant for a period of at least 14 days until a temporary injunction hearing is held by this court concerning whether Plaintiff has a probable right of recovery for their various claims and causes of action pled herein. There presently exists an imminent threat of irreparable harm to Plaintiff in the form of the Defendant and their agents' stated intent to complete a foreclosure sale and divest Plaintiff of their ownership interest in the property, unless the court immediately restraints such acts or conduct as requested herein.

21. Plaintiff's application for a Temporary Restraining Order is authorized by Texas Civil Practice and Remedies Code §65.011 because irreparable injury to real property is threatened, irrespective of any remedy at law.

22. Moreover, after issuance of a temporary restraining order, and upon notice and a

5

Copy from re:SearchTX

hearing as required by law, Plaintiff further seeks entry of the temporary injunction to maintain the status quo and prohibit the Defendant and their agents from foreclosing or attempting to forecloseon Plaintiff's property until the merits of the various claims and causes of actions as pled herein can be fairly and fully adjudicated.

## **CONDITIONS PRECEDENT**

23. Plaintiff asserts that all conditions precedent have occurred or been waived.

## **PRAYER**

24. WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer, andthe following order be entered:

   a. a declaratory judgment that declares that Defendant does not have the power of sale pursuant to the Deed of Trust.

   b. A declaration setting forth the amount, if any, that the Plaintiff owes pursuant to the note.

   c. A temporary and permanent injunction enjoining Defendant, or anyone acting on Defendant's behalf from: (1) entering, taking possession of the Property or otherwise interfering with Plaintiff's right to the quietenjoyment and use of the Property; (2) proceeding with or attempting to sell or foreclose upon the Property; (3) attempting to purchase, transfer, assign or collect on the Mortgage; and (4) charging Plaintiff's account for attorney's fees in connection with this action.

   d. All the other relief to which Plaintiff is entitled.

Respectfully submitted,

MEDEARIS LAW FIRM, PLLC

By: _____
DAVID M. MEDEARIS, TBA #24041465
1560 W Bay Area Blvd., Suite 304
Friendswood Texas 77546
dmedearis@medearislaw.com
Tel 281-954-6270 | Fax 281-954-6280
**ATTORNEY FOR PLAINTIFF
PAULETTE CRAWFORD**

6

Copy from re:SearchTX

## AFFIDAVIT OF PAULETTE CRAWFORD

**STATE OF TEXAS**

**COUNTY OF BRAZORIA**

BEFORE ME, the undersigned authority, on this day personally appeared, Paulette Crawford f/k/a Paulette Granger, who being by me and duly sworn on her oath deposed and said the following:

"My name is Paulette Crawford, f/k/a Paulette Granger. I own and reside at the property located at 2506 Dawn River Lane, Pearland, Brazoria County, Texas 77581 ("the subject property"). I am making this affidavit in support of a temporary restraining order and asking the court to restrain Carrington Mortgage Services, LLC, or anyone acting on its behalf, from holding a trustee sale on April 5, 2022, through which they intend to sell my home. The facts stated by me are true and correct.

I am the owner of the subject property and signed the deed of trust dated 12/19/2007, which Carrington Mortgage Services, LLC now intends to foreclose upon on April 5, 2022. The legal description of the Subject Property is as follows:

**LOT TWENTY-FOUR (24), BLOCK ONE (1), AVALON TERRACE, SECTION ONE (1), ACCORDING TO THE RECORDED MAP OR PLAT THEREOF IN VOLUME 24, PAGE 288-289 OF THE PLAT RECORDS OF BRAZORIA COUNTY TEXAS**

I was never provided with any 1) notice of default or 2) notice of trustee sale by the Mortgagee, Servicer, Trustee, or anyone acting on their behalf. I am in the process of seeking to put my home on the market to sell. I only learned that Carrington Mortgage Services, LLC intended to sell my home in foreclosure when I began to receive correspondence from real estate investors and attorneys. The mortgage company and/or servicer never provided me with any notice.

If the court does not grant me a temporary restraining order, I will suffer irreparable harm"

*Paulette Crawford*
**Paulette Crawford, f/k/a Paulette Granger**

SUBSCRIBED and SWORN TO before me on March 29, 2022.

ALEXA RIVERA
My Notary ID # 131134324
Expires May 17, 2025

Notary Public in and for the State for Texas

My Commission Expires: 5/17/2025

2022000070 FORECLOSURE
Total Pages: 2

## NOTICE OF SUBSTITUTE TRUSTEE'S SALE

**THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.**

Matter No.: 099724-TX

Date: February 16, 2022

### Auction or Leva

County where Real Property is Located: Brazoria

| | |
|---|---|
| ORIGINAL MORTGAGOR: | PAULETTE GRANGER, A SINGLE PERSON |
| ORIGINAL MORTGAGEE: | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS BENEFICIARY, AS NOMINEE FOR GMAC MORTGAGE, LLC F/K/A GMAC MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS |
| CURRENT MORTGAGEE: | CARRINGTON MORTGAGE SERVICES, LLC |
| MORTGAGE SERVICER: | Carrington Mortgage Services, LLC |

DEED OF TRUST DATED 12/19/2007, RECORDING INFORMATION: Recorded on 12/26/2007, as Instrument No. 2007070506 and later modified by a loan modification agreement recorded as Instrument 2020058355 on 10/07/2020

SUBJECT REAL PROPERTY (LEGAL DESCRIPTION): **LOT TWENTY- FOUR (24), BLOCK ONE (1), AVALON TERRACE, SECTION ONE (1), ACCORDING TO THE RECORDED MAP OR PLAT THEREOF IN VOLUME 24, PAGE 288-289 OF THE PLAT RECORDS OF BRAZORIA COUNTY, TEXAS**

NOW, THEREFORE, NOTICE IS HEREBY GIVEN that on **4/5/2022**, the foreclosure sale will be conducted in **Brazoria County** in the area designated by the Commissioners Court, pursuant to Section 51.002 of the Texas Property Code as the place where the foreclosure sales are to take place. If no place is designated by the Commissioners Court, sale will be conducted at the place where the Notice of Trustee's Sale was posted. The trustee's sale will be conducted no earlier than **10:00 AM**, or not later than three (3) hours after that time, by one of the Substitute Trustees who will sell, to the highest bidder for cash, subject to the unpaid balance due and owing on any lien indebtedness superior to the Deed of Trust.

Carrington Mortgage Services, LLC is acting as the Mortgage Servicer for CARRINGTON MORTGAGE SERVICES, LLC who is the Mortgagee of the Note and Deed of Trust associated with the above referenced loan. Carrington Mortgage Services, LLC, as Mortgage Servicer, is representing the Mortgagee, whose address is:

CARRINGTON MORTGAGE SERVICES, LLC
1600 South Douglass Road, Suite 200-A
Anaheim, California 92806

The Mortgage Servicer is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee. Pursuant to the Servicing Agreement and Texas Property Code §51.0025, the Mortgage Servicer is

Page 1 of 2



4742150

AP NOS/SOT 08212019

Copy from re:SearchTX

Matter No.: 099724-TX

authorized to collect the debt and to administer any resulting foreclosure of the property securing the above referenced loan.

WHEREAS, in my capacity as attorney for the Mortgagee and/or Its Mortgage Servicer, and pursuant to Section 51.0076 of the Texas Property Code, I HEREBY APPOINT AND DESIGNATE AUCTION.COM, STEVE LEVA, SANDY DASIGENIS, LILLIAN POELKER, JEFF LEVA, PATRICIA POSTON, PAUL A. HOEFKER, ROBERT L. NEGRIN or either one of them, as Substitute Trustee, to act; either singly or jointly, under and by virtue of said Deed of Trust and hereby request said Substitute Trustees, or any one of them to sell the property in said Deed of Trust described and as provided therein. The address for the Substitute Trustee as required by Texas Property Code, Section 51.0075(e) is Auction.com, 1 Mauchly, Irvine, CA 92618.

**Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

By: _____  Auction or Leva
Paul A. Hoefker, Attorney
Robert L. Negrin, Attorney
Aldridge Pite, LLP
701 N. Post Oak Road, Suite 205
Houston, TX 77024

Return to:
ALDRIDGE PITE, LLP
4375 JUTLAND DR., SUITE 200
P.O. BOX 17935
SAN DIEGO, CA 92177-0935
FAX #: 619-590-1385
866-931-0036

2022000070
Brazoria County - Joyce Hudman, County Clerk
02/17/2022 09:47 AM
Total Pages: 2
Fee: 8.00

Joyce Hudman

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Medearis on behalf of David Medearis
Bar No. 24041465
david@medearislaw.com
Envelope ID: 63104190
Status as of 3/30/2022 2:46 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| David MillerMedeais | | dmedearis@medearislaw.com | 3/30/2022 2:02:15 PM | SENT |
| Alexa NRivera | | arivera@medearislaw.com | 3/30/2022 2:02:15 PM | SENT |
| Mindi Campbell | | mcampbell@medearislaw.com | 3/30/2022 2:02:15 PM | SENT |

Copy from re:SearchTX