IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **PAULETTE CRAWFORD** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 3:22-cv-00113 | |
| § | | |
| **CARRINGTON MORTGAGE** § | | |
| **SERVICES, LLC** § | | |
| *Defendant.* § | | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF, PAULETTE CRAWFORD, and files this response and opposition to the Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. Pro. 12(b)(5)-(6).

## FACTS AND BACKGROUND

1. Plaintiff, Paulette Crawford, formerly known as Paulette Granger, is the owner of the Subject Property, which is located at 2506 Dawn River Lane, Pearland, TX 77081, Brazoria County, Texas. The Plaintiff brought this suit in Brazoria County District Court in March of 2022 after the Defendant filed a notice of Trustee Sale scheduling her property for a Trustee sale. The Plaintiff's suit, which was supported by an affidavit, asserts that the Defendant was and is not entitled to proceed with the intended Trustee Sale because 1) the Defendant had not provided the Plaintiff with a notice of default; 2) the Defendant had not provide the Plaintiff with a notice of trustee sale; and 3) because the Plaintiff disputes that she is actually in default.

2. It is undisputed that both the Deed of Trust and Section 51 of the Texas Property Code require that <u>all three</u> of the above conditions be met before a Mortgagee is entitled to seek a nonjudicial foreclosure. While the Defendant asserts in its motion that it is undisputed that these three conditions have been met, this is actually not the case. The Plaintiff has disputed all three. And while the Defendant has filed exhibits with its Motion to Dismiss in order to attempt to

1

dispute the second two of these conditions, the Defendant has not even attempted to dispute the second. That is, Exhibits A & C, of the Defendant's Motion provide evidence to dispute the Plaintiff's claim that she is not in default; and Exhibit B of the Defendant's Motion disputes the claim that the Defendant did not serve her with a notice of trustee sale; but the Defendants do not show that the Defendant sent the Plaintiff a Notice of Default. Thus, the only fact not in dispute is that the Defendant has not provide the Defendant with a timely notice of default, which is a necessary step before the Defendant can schedule a trustee sale.

## Legal Background

3. The holder of a note must give notice to the maker of the holder's intent to accelerate the time for payment as well as notice of acceleration. *Shumway v. Horizon Credit Corp.*, 801 S.W.2d 890,893 (Tex. 1991). If the mortgagee intends to accelerate the maturity of the debt, the notice must unequivocally inform the mortgagor of the mortgagee's intention. *Id.* A proper notice of default must give the borrower notice that the alleged delinquency must be cured, or else the loan will be accelerated, and the property will go to foreclosure. Prior to a foreclosure action, the noteholder is also required to give the homeowner a clear and unequivocal acceleration notice. *Ogden v. Gilbraltar Sav. Ass'n*, 640 S.W.2d 232,233 (Tex. 1982) ("Effective acceleration requires two acts: notice of intent to accelerate and notice of acceleration.").

4. A debt holder's failure to send a notice to cure to the address in the debtor's file pursuant to Tex. Prop. Code Ann. § 51.002(d) defeats the effect of sending the notice of foreclosure under Tex. Prop. Code Ann. § 51.002(b). *Mills v. Haggard*, 58 S.W.3d 164, 2001 Tex. App. LEXIS 4605 (Tex. App. Waco July 5, 2001, no pet.).

5. The Plaintiff has disputed the Defendant's claim that it is currently entitled to hold a trustee sale based on the foregoing disputed facts. The causes of action include declaratory and injunctive relief.

6. The facts in dispute are sufficiently pled to show that the Plaintiff has a valid claim

2

that should survive a Motion to Dismiss. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

7.   Here, the Plaintiff would suffer irreparable harm if the Defendant conducted a wrongful foreclosure sale by foreclosing on her property without giving her the proper, two-step notice, and especially if the Plaintiff is not in default as the Defendant has alleged. With regard to the later, the Plaintiff will show that the Defendant's predecessor in interest entered into a loan modification agreement which the Plaintiff satisfied, and the Defendant then failed to honor. Moreover, the Defendant failed and refused to communicate with the Plaintiff. The Plaintiff therefore has asserted legitimate claims for relief and should be entitled to seek discovery and have her day in court. The Court should therefore Deny the Motion to Dismiss pursuant to Rule 12(b)(6).

## Motion to Dismiss Pursuant to Rule 12(b)(5)

8.   The Defendant also seeks dismissal with prejudice pursuant to Rule 12(b)(5), for insufficient process. A complaint for insufficient service of process may be waived. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008).

9.   The Defendant seeks a dismissal with prejudice based on Rule 12(b)(5). However, dismissal under Rule 12(b)(5) is without prejudice. *Bazarian Int'l Fin. Assocs., LLC v. Desarrollos Aerohotelco*, C.A., 168 F. Supp. 3d 1, 13 (D.D.C. 2016). Thus, in the event that the Court would consider granting the Defendant's Motion to Dismiss pursuant to Rule 12(b)(5), the dismissal should only be without prejudice. However, since the Defendant has not sought a dismissal without prejudice pursuant Rule 12(b)(5), the Court should consider the Defendant's Rule 12(b)(5) complaint waived.

## **PRAYER**

10. For the reasons stated herein the Plaintiff respectfully prays that the Court will DENY the Defendant's Motion to Dismiss.

        Respectfully submitted,
        **MEDEARIS LAW FIRM, PLLC**

By:   */s/ David Medearis*
        DAVID MEDEARIS, SBN# 24041465
        Federal ID 557586
        1560 W. Bay Area Blvd. Suite 304
        Friendswood, Texas 77546
        Tel. (281) 954-6270 │ Fax: (281) 954-6280
        **ATTORNEYS FOR PLAINTIFF,**
        **PAULETTE CRAWFORD**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2022 a copy of PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS has been duly served by ELECTRONIC FILING through the Court's Notice of Electronic Filing System upon all counsel of record.

        */s/ David Medearis*
        David Medearis